UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

:
RICHARD LEONCINI, :
: Civil Action No. 18-14554 (BRM) (DEA)
Plaintiff, :
:
v. : **OPINION**
:
SENATOR DIANNE FEINSTEIN, :
:
Defendant. :
:

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Richard Leoncini's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-2). When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application and accompanying exhibit (ECF Nos. 1-2 and 1-4), the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B). Having review Plaintiff's Complaint and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

I. **STANDARD OF REVIEW**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## II. DECISION

On October 2, 2018, Plaintiff filed a Complaint against Senator Dianne Feinstein[1] alleging violations of the Fifth, Sixth, Seventh, and Ninth Amendment of the United States Constitution. Specifically, Plaintiff contends he is "filing this case on behalf of the people of America" because, on September 30, 2018, "a criminal injustice of administration and Court laws [were] violated" when "a criminal proceeding took place on national TV [in] direct violation of the Constitution of the United States." (ECF No. 1-1 at 1.) Plaintiff further states:

> Although Congress princess [sic] this was not a criminal trial in fact it was a criminal procedure enacted by Senator Dianne Feinstein to which a federal court judge with an impeccable record has been shamelessly deemed a sexual predator what's a complete disregard of *his* Fifth Amendment Sixth Amendment Seventh Amendment and Ninth Amendment rights.

(*Id.* (emphasis added).)

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff does not have standing to bring claims "on behalf of the people of America" for violations of an unspecified individual's[2] constitutional rights. Therefore, Plaintiff's Complaint is dismissed.

---

[1] In an accompanying letter, Plaintiff states that he "wish[es] to file a complaint against the federal legislation branch of government." (ECF No. 1-1 at 1.) However, only Senator Feinstein is named as a defendant.

[2] Plaintiff fails to name the specific federal judge whose rights he believes were violated, and, given Plaintiff's reference to a September 30th hearing of which the Court is unaware, the Court will not make any assumptions.

**III.   CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff has 30 days to file a final amended complaint curing the deficiencies addressed herein. An appropriate Order follows.


Date: October 3, 2018                                                  */s/Brian R. Martinotti*
                                                                                           **BRIAN R. MARTINOTTI**
                                                                                           **UNITED STATES DISTRICT JUDGE**