UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD LEONCINI,** | Civil Action No. 18-14554 BRM-DEA |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **SENATOR DIANNE FEINSTEIN,** | |
| **Defendants.** | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a Motion by Plaintiff Richard Leoncini for Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15. ECF No. 92. The Motion is unopposed. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is **DENIED** as moot.

**I.     BACKGROUND[1]**

On October 2, 2018, Plaintiff filed a Complaint against Senator Dianne Feinstein alleging violations of the Fifth, Sixth, Seventh, and Nine Amendments to the United States Constitution. ECF No. 1. Specifically, Plaintiff alleged that on September 30, 2018, "a criminal injustice of administration and Court laws [were] violated" when "a criminal proceeding took place on national TV [in] direct violation of the Constitution of the United States." ECF No. 1-1.

---

[1] The following facts are taken primarily from Mr. Leoncini's Complaint, ECF No. 1, and are assumed true for purposes of this Memorandum and Order.

1

In this criminal proceeding, a "federal court judge with an impeccable record has been shamelessly deemed a sexual predator" in disregard of his rights secured by the above Amendments. ECF No. 1-1. The Complaint did not identify the judge. Plaintiff also applied to proceed *in forma pauperis* ("IFP"). ECF No. 1-2. U.S. District Judge Brian R. Martinotti granted Plaintiff's IFP application. ECF No. 2. But, after performing the screening of Plaintiff's Complaint required by the IFP statute, 28 U.S.C. § 1915, Judge Martinotti the dismissed the Complaint, concluding that Plaintiff had not stated a claim upon which relief could be granted. Id. at p.3. Specifically, Plaintiff contended he was bringing his claims "on behalf of the people of America," something for which Judge Martinotti concluded he did not have standing. Id. Still, Judge Martinotti gave Plaintiff 30 days to file an Amended Complaint that cured the deficiencies identified in that Opinion. Id. at p.4. Plaintiff timely filed an Amended Complaint. ECF No. 9. Almost two months later, Plaintiff filed the instant Motion. ECF No. 10.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading: "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Once a plaintiff has amended his complaint as a matter of course, the rule provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." Id. That said, the decision to grant leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of

the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See* Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (*quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

Having considered the relevant factors, the Court will deny Plaintiff's motion.

As stated above, Fed. R. Civ. P. 15(a)(1) provides various timeframes during which a party may amend its pleading "once as a matter of course." Judge Martinotti reviewed the original Complaint through the prism of the Prison Litigation Reform Act, which provides that when, as here, a court allows a litigant to proceed *in forma pauperis* the court must screen the complaint to determine whether it is "frivolous or malicious, fail[s] to state a claim on which relief may be granted, or seek[s} monetary relief against a defendant who is immune." Id. (*citing* 28 U.S.C. § 1915(e)(2)(B)). In dismissing the Complaint for failure to state a claim upon which relief may be granted, Judge Martinotti noted that "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Id. (*quoting* Schreane v. Seana, 506 F.App'x 120, 122 (3d Cir. 2012))(*citing* Allah v. Sieiverling, 229 F.3d 220, 223 (3d Cir. 2000)). In other words, Judge Martinotti's screening was the functional equivalent of a Motion to Dismiss pursuant to Rule 12(b)(6).

It is well established that "the rule in the Third Circuit is that the plaintiff be given "one amendment as a matter of right up to the point at which the district court grants the motion to dismiss and enters final judgment." Reginella Const. Co. v. Travelers Cas & Sur. Co. of Am.,

3

971 F. Supp. 2d 470, 478–79 (W.D. Pa. 2013), aff'd sub nom. Reginella Const. Co., 568 F. App'x 174 (3d Cir. 2014) (*quoting* Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir.2007). "Once the court enters judgment, the plaintiff's amendment as of right expires." Reginella, 971 F. Supp. 2d at 479.

Judge Martinotti's Order constituted a final judgment, though the Order allowed Plaintiff "30 days to file a final amended complaint that cured the deficiencies addressed herein." Id. Plaintiff filed an Amended Complaint on October 30, 2018. ECF No. 9. Thus, Judge Martinotti's screening and subsequent dismissal of the initial Complaint means Plaintiff's right to amend the Complaint as a matter of course pursuant to Rule 15(a) has expired. Instead, Plaintiff must seek this Court's leave to file what would be the Second Amended Complaint.

"The granting or denial of leave to amend is within the discretion of the district court. Reginella, 971 F. Supp. 2d T 479 (*citing* Foman, 371 U.S. at 182). Rule 15 vests a District Court with "considerable discretion to permit amendment 'freely...when justice so requires.'" Suddreth v. Mercedes-Benz USA, LLC, 2012 WL 13034279, at *2 (D.N.J. July 31, 2012) (*citing* Ahmed v. Dragovich, 297 F.3d 201, 207–08 (3d Cir. 2002) (*quoting* Fed. R. Civ. P. 15(a)). However, the liberality of the rule no longer is "applicable once judgment has been entered." Id. "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Id. (*citing* Ahmed, 297 F.3d at 208 (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1489 (2d ed. 1990)). The Court then must review Plaintiff's proposed Amended Complaint in order to determine whether "justice so requires" the granting of the instant motion.

As an initial matter, the Court observes that L.Civ.R. 15.1, which governs motions to amended pleadings, requires that a motion to amend the complaint must be accompanied by "a copy of the proposed amended pleading," as well as a form of the amended pleading that "indicate[s] in what respect[s] it differs from the pleading which it proposes to amend." Plaintiff's motion did not come with such attachments. "The purpose of [the rule] is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading." Folkman v. Roster Fin. LLC, 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005); *see also* P. Schoenfeld Asset Mgt. v. Cendant Corp., 142 F.Supp.2d 589, 622 (D.N.J.2001). Because the Motion was not filed with those required attachments, the Motion could be denied on that basis alone. Obuskovic v. Wood, 2016 WL 6471023, at *1, n.2 (D.N.J. Oct. 31, 2016).

That said, it is well established that *pro se* litigants are to be afforded "special solicitude." Baker v. Ace Advertisers' Serv., Inc., 153 F.R.D. 38, 40 (S.D.N.Y. 1992). As such, the Court has compared the present operative Amended Complaint (ECF No. 9) to the Proposed Amended Complaint (ECF No. 10). From this review, the Court observes that the documents are identical.

As stated above, in considering whether to grant a motion for leave to amend the complaint courts shall consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See* Great Western Mining, 615 F.3d at 174 (*quoting* Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, the Court denies the Motion because it duplicates exactly the Amended Complaint filed in October 2018 and thus is moot.

### IV.     CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this of 18th day of March 2019,

**ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint [ECF No. 10] is **DENIED.**

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge